IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WELBY THOMAS COX,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-371-DRH |
| | ) |
| **UNITED STATES of AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Welby Thomas Cox, currently an inmate in the United States Penitentiary in Leavenworth, Kansas, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.[1] This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Cox is not entitled to relief, and the petition must be dismissed.

Cox was found guilty on 39 counts of transportation of stolen funds; he was sentenced to 75 months imprisonment on each count, to run concurrently, three years supervised release, restitution

---

[1] At the time he filed this action, Cox was in custody in the Grayson County Detention Center in Leitchfield, Kentucky.

of $348,000, and a special assessment of $3900. *United States v. Cox*, Case No. 06-cr-00092-JGH (W.D. Ky., filed June 21, 2006). On appeal, the Sixth Circuit vacated the convictions on counts 31-39 and remanded the matter for entry of a new judgment. *United States v. Cox*, 357 Fed.Appx. 629 (6th Cir. 2009). Cox then filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255, which was denied. *Cox*, Case No. 06-cr-00092-JGH (Doc. 88, entered Feb. 24, 2010). Cox appealed, and that matter is still pending before the District Court for a ruling on his request for issuance of a certificate of appealability. *Id.* (Doc. 103, filed June 15, 2010).

In this action, Cox challenges various aspects of his sentence. Cox also complains generally about the conditions of confinement at Grayson County Detention Center. However, for relief, Cox seeks only an order of immediate release.

If Cox wishes to attack his federal sentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment against Cox, this Court has no jurisdiction to address the merits of the instant petition.[2] Accordingly, this action is summarily **DISMISSED**. Dismissal is without prejudice to Cox presenting his claims in the appropriate court. The Clerk shall close the file.

**IT IS SO ORDERED.**

**DATED:   August 10, 2010.**

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Moreover, Cox was not in custody within this District at the time he filed this action, nor he is in custody within this District now. Thus, even if his claims could be addressed through § 2241, this Court would not have jurisdiction.